IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                           No. 2:13-CR-20037-005

MARIA TERRESA HERNANDEZ                                              DEFENDANT

**ORDER**

Currently before the Court is Defendant Maria Terresa Hernandez's motion for bill of particulars (Doc. 172) pursuant to Fed. R. Crim. P. 7(f). The Government opposes the motion and has filed a response (Doc. 174).

"The purpose of a bill of particulars is to adequately inform the defendant of the nature of the charges against [her] and to prevent or minimize the element of surprise at trial." *United States v. Miller*, 543 F.2d 1221, 1224 (8th Cir. 1976), *cert. denied*, 429 U.S. 1108 (1977). A district court does not abuse its discretion in denying a defendant's request for a bill of particulars where it is clear that the language of the indictment sufficiently apprises the defendant as to the nature of the pending charges. *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009).

Defendant has been charged with conspiracy to distribute methamphetamine from August 1, 2012 to May 20, 2013, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 65). In reviewing the indictment, the Court finds that it sufficiently informs Defendant as to the nature of the charges against her. Count One of the indictment states that Defendant participated in a conspiracy to

distribute methamphetamine along with thirteen other co-defendants. The indictment lists the dates the conspiracy allegedly occurred, the place the conspiracy allegedly occurred, and the relevant criminal statutes implicated in the charges. Further, the Government represents that it provided Defendant with extensive discovery on July 10, 2013, including recordings of undercover purchases of methamphetamine made by Defendant's alleged co-conspirators, wiretap interceptions relevant to the alleged conspiracy, and a report by law enforcement agents summarizing Defendant's alleged admissions concerning her involvement in the conspiracy.

Defendant's motion for bill of particulars seeks detailed information regarding the charges listed in the indictment, including the exact dates, times, and places Defendant is alleged to have conspired to distribute methamphetamine; the names, addresses, aliases, and physical descriptions of all persons to whom Defendant allegedly distributed methamphetamine; the names and addresses of all persons the Government intends to rely upon during trial of this matter; the substance of all conversations the Government intends to rely upon at trial; the names and addresses of all alleged co-conspirators; and the date, time, place, and manner in which Defendant joined the alleged conspiracy. Such information is not properly sought through a motion for bill of particulars, as a bill of particulars is not intended to be used as a discovery device. *See Livingstone*, 576 F.3d at 883; *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877 (1968) ("Acquisition of evidentiary detail is not the function of the bill of particulars."). Accordingly, Defendant's motion for bill of particulars is **DENIED**.

**IT IS SO ORDERED** this 14th day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE